UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

NIGEL FRANK DE LA TORRE PARDO,

    Plaintiff,

v.

JARDACK REAL ESTATE CORP, IL LAGO TRATTORIA CORP and BEIRUT DORAL 73 LLC D/B/A BEIRUT DORAL,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues JARDACK REAL ESTATE CORP, IL LAGO TRATTORIA CORP and BEIRUT DORAL 73 LLC D/B/A BEIRUT DORAL (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

    1.    This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

    2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

    3.    Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise sui juris.

4. At all times material, Defendant, JARDACK REAL ESTATE CORP, was and is a Florida Corporation, with its principal place of business, agents, officers and/or offices in Chicago, Illinois and conducting a significant amount of business in Doral, Florida.

5. At all times material, Defendant, JARDACK REAL ESTATE CORP, owned and operated a commercial plaza constituting a plaza located at the following commercial building addresses: 2475 NW 95th Avenue, Doral, Florida 33172 (hereinafter "commercial property" or "commercial plaza property").

6. At all times material, Defendant, IL LAGO TRATTORIA CORP, owned and operated a commercial restaurant at 2475 NW 95th Avenue, Unit 8, Doral, Florida 33172[1] (hereinafter the "commercial restaurant") and conducted a substantial amount of business in that place of public accommodation in Doral, Florida.

7. At all times material, Defendant, IL LAGO TRATTORIA CORP, was and is a Florida Corporation, organized under the laws of Florida with its principal place of business in Doral, Florida. Defendant, IL LAGO TRATTORIA CORP, holds itself out to the public as " IL LAGO TRATTORIA CORP."

8. At all times material, Defendant, BEIRUT DORAL 73 LLC D/B/A BEIRUT DORAL, owned and operated a commercial restaurant business at 9668 NW 25th Street, Unit. 10, Doral, Florida 33172[2] (hereinafter the "commercial restaurant") and conducted a substantial amount of business in that place of public accommodation in Doral, Florida.

9. At all times material, Defendant, BEIRUT DORAL 73 LLC D/B/A BEIRUT DORAL, was and is Florida Limited Liability Company which is registered to conduct business

---

[1] Defendant, IL LAGO TRATTORIA CORP's, restaurant sits with the commercial plaza owned by its landlord and Co-Defendant, JARDACK REAL ESTATE CORP, at 2475 NW 95th Avenue, Doral, Florida 33172.
[2] Defendant, BEIRUT DORAL 73 LLC's, restaurant sits with the commercial plaza owned by its landlord and Co-Defendant, JARDACK REAL ESTATE CORP, at 2475 NW 95th Avenue, Doral, Florida 33172.

in the State of Florida and has the principal place of business listed in this Complaint in Doral, Florida. Defendant, BEIRUT DORAL 73 LLC D/B/A BEIRUT DORAL, holds itself out to the public as "Beirut Doral."

10. Venue is properly located in the Southern District of Florida because Defendants' commercial property, plaza and restaurant businesses that are the subject of this Action, are all located in Miami-Dade County, Florida, and Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida at the commercial property.

## FACTUAL ALLEGATIONS

11. Although over thirty-two (32) years have passed since the effective date of Title III of the ADA, and Defendants have yet to make their places of public accommodation accessible to individuals with disabilities.

12. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the businesses therein.

13. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

14. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.

He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

15. Defendants, own and operate the places of public accommodation all of which are located together in the same commercial plaza property located in Doral, Florida that are the subject of this Action.

16. The subject commercial property and the businesses located therein are open to the public, and Defendant, JARDACK REAL ESTATE CORP's, commercial plaza itself contains a myriad of different businesses that each (including restaurants owned and operated by Co-Defendants IL LAGO TRATTORIA CORP, and BEIRUT DORAL 73 LLC D/B/A BEIRUT DORAL, that pay Defendant, JARDACK REAL ESTATE CORP, rent and are all located in Doral, Florida).

17. The individual Plaintiff frequently visits the subject commercial plaza property and tenant businesses (including the related parking lots and common areas) to include visits on September 16, 2024 and on September 18, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial plaza and businesses therein listed in this Complaint as Defendants. He often visits the commercial property and businesses therein, when he is in the area shopping or visiting family and friends that reside nearby, and has definite plans to return to the commercial property within two (2) months of the filing of this Complaint in order to avail himself of the goods and services offered to the public at the commercial plaza and restaurant businesses, if it becomes accessible.

18. Plaintiff visited the subject commercial property and businesses located therein as a patron/customer and intends to return to the commercial property in order to avail himself of

the goods and services offered to the public at the commercial property. Plaintiff resides near the commercial property, approximately twenty-nine (29) miles from the commercial property, in the same state and the same county as the commercial property, regularly frequents the Defendants' commercial property, restaurant and restaurant businesses for its intended purposes, and intends to return to the commercial property within two (2) months' time.

19. The Plaintiff found the Defendants' commercial property, and restaurant businesses to be rife with ADA violations. The Plaintiff encountered architectural barriers at the subject property and Defendants' businesses and wishes to continue his patronage and use of the commercial property and the restaurant and restaurant businesses therein.

20. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA, at the commercial property, and restaurant businesses. The barriers to access at Defendants' commercial plaza property and restaurant businesses have each denied or diminished Plaintiff's ability to visit the commercial property and listed restaurant businesses therein and likewise endangered his safety. The barriers to access, which are set forth below, have accordingly posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

21. Defendants each own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants each owns and/or operates, and the businesses in the commercial property referenced above or the plaza itself as a commercial enterprise.

22. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial property and restaurant businesses, including, but

5

not necessarily limited to the allegations in Paragraphs 25-29 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial property and businesses therein which are open to the public and in violation of the ADA. Plaintiff desires to visit the commercial property not only to avail himself of the goods and services available at the commercial property, but to also assure himself that this commercial property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial property without fear of discrimination.

23. Defendants have each individually and together discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the properties and the businesses thereon, in a manner prohibited by 42 U.S.C. § 12182 et seq.

### COUNT I – COMMON AREA ADA VIOLATIONS
### AS TO JARDACK REAL ESTATE CORP

24. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25. Defendant, JARDACK REAL ESTATE CORP, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking

i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA

Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty accessing the facility, as there are sections without designated accessible parking spaces. Violation: Accessible parking spaces are not dispersed and located closest to accessible entrances, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel (common areas).</u>

i. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are vertical changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are vertical changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

**COUNT II - ADA VIOLATIONS**
**AS TO JARDACK REAL ESTATE CORP AND IL LAGO TRATTORIA CORP**

26. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

27. Defendants, JARDACK REAL ESTATE CORP and IL LAGO TRATTORIA CORP, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the businesses within, include but are not limited to, the following:

A. <u>Public Restrooms</u>

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use, outside the reach ranges prescribed in

Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    iv. The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

    v. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    vi. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    vii. The Plaintiff could not enter or exit the restroom without assistance, as the required maneuvering clearance was not provided due to the location of objects that obstruct the area. Violation: The restroom door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    viii. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    ix. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not

mounted at the required height. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT III – ADA VIOLATIONS
AS TO JARDACK REAL ESTATE CORP, INC and BEIRUT DORAL 73 LLC D/B/A
BEIRUT DORAL**

28. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

29. Defendants, JARDACK REAL ESTATE CORP and BEIRUT DORAL 73 LLC D/B/A BEIRUT DORAL, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the businesses within, include but are not limited to, the following:

A. Access to Goods and Services

i. The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Public Restrooms

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose

resolution is readily achievable.

 ii. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

 iii. The Plaintiff could not use the lavatory without assistance, as the required knee clearance is not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

 iv. The Plaintiff could not use the lavatory without assistance, as it is mounted too high. Violation: There are lavatories in public restrooms with the counter surface mounted too high, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

 v. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

 vi. The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

 vii. The Plaintiff could not use the soap dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3

of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 of the ADAAG and Sections 604.5 of the 2010 ADA Standards, whose resolution is readily achievable

30. The discriminatory violations described in Paragraphs 24-29 are not an exclusive list of the Defendants' ADA violations.   Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further ingress, use, and equal enjoyment of the commercial property and the restaurant and restaurant businesses therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

31. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' commercial plaza and restaurant businesses therein; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

32. The Defendants each owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. The Defendants are each and all responsible for complying with the obligations of the ADA.

33. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

34. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

35. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, the Plaintiff and those similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

36. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

37. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the commercial plaza property owned and operated by the Defendant, located in Doral, Florida, the interiors, exterior areas, and the common exterior areas of the property and the interior areas of the businesses therein to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: November 14, 2024

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 W. Flagler Street, Suite 104
Doral, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com

By: ___/s/ Anthony J. Perez_____
     ANTHONY J. PEREZ
     Florida Bar No.: 535451